UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

MIKE OVADIA,                                    Civil Action No.:

                        Plaintiff,

        -against-                               **COMPLAINT FOR VIOLATIONS
                                                OF THE TELEPHONE
J.P. MORGAN CHASE BANK,                         CONSUMER PROTECTION ACT**

                        Defendant(s).           **DEMAND FOR JURY TRIAL**

-----------------------------------------------------------------X

### INTRODUCTION/PRELIMINARY STATEMENT

Plaintiff MIKE OVADIA ("Plaintiff"), by and through his attorney, M. Harvey

Rephen & Associates, P.C. by Edward B. Geller, esq., P.C., Of Counsel, as and for his

Complaint against the Defendant J.P. Morgan Chase Bank, (hereinafter referred to as

Defendant(s)"), respectfully sets forth, complains and alleges, upon information and

belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1.      Plaintiff brings this action on his own behalf for damages and declaratory

and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United

States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

2.      Defendant is subject to, and required to abide by, the laws of the United

States and the State of New York, which include the Telephone Consumer Protection

Act of 1991, 47 U.S.C. §227, et seq. ("TCPA") and its related regulations, including 47

C.F.R. §64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the Federal Communications Commission to implement and enforce the TCPA, the telemarketing regulations issued by the Federal Trade Commission, 16 C.F.R. §310.4(d)(2).

## PARTIES

3.      Plaintiff MIKE OVADIA is a resident of the State of New York, residing at 33 Captains Road,  Valley Stream, NY 11581.

4.      Defendant  J.P. MORGAN CHASE BANK  has a Corporate Headquarters located at 270 Park  Avenue, New York, NY 10017.


## JURISDICTION AND VENUE

5.      The Court has jurisdiction over this matter pursuant to 28 USC §1331 and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7.      Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8.      On or about August 2016, Defendant began communicating with the Plaintiff by placing automated calls to his cell phone numbers of 516-519-2657 and 516-519-2677. The calls were in reference to his wife's account.

9.     On August 24th, 2016, the Plaintiff called the Defendant and was connected with a female representative. The Plaintiff gave the representative his name and stated he was receiving phone calls from them.

10.     The representative asked if he had a card with them.

11.     The Plaintiff said, "Please do not call me anymore or text me."

12.     The representative repeated the Plaintiff's phone numbers and stated she would give the information over to a supervisor and the call was concluded.

13.     Since the conclusion of the call and the request to have the phone calls stop, the Defendant continued to call the Plaintiff's cell phone at least 274 times.


## FIRST CAUSE OF ACTION
### *(Violations of the TCPA)*

14.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15.     According to the Telephone Consumer Protection Act 47 USC §227(b)(A)(iii), "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States (A) to make any call (other than a call made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice--- (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States."

16.     It has been determined that the statute language adding "or" any service for which the called party is charged, is not accurately interpreted to require that Plaintiff must claim that Defendant's calls incurred charges.  See *Breslow c. Wells Fargo Bank, N.A.* 857 F. Supp 2d 1316, 1319 (S.D. Fla. 2012) and *Cavero v. Franklin Collection Serv., Inc.*, 2012 WL 279448 (S.D. Fla. 2012). A number of Courts have addressed the issue of a Plaintiff being charged with all agreeing that the TCPA does not require a Plaintiff who received calls on his/her *cell phone* to allege that he/she was charged for the call. For example, in *Manno v.Healthcare Revenue Recovery Grp., LLC*, 289 F.R.D. 674 (S.D. Fla. 2013), the Court held that "The TCPA does not require the plaintiff to be `charged for' the calls in order to have standing to sue."  In *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014), the Court stated: If the phrase `any service for which the called party is charged for the call' requires that the party be charged per call for the `paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service' in order for the party to prohibit autodialed calls, then the listing of these services would be superfluous because they are already included under them 'any service for which the called party is charged.' On the other hand, reading `any service for which the called party is charged for the call' as an additional item beyond any call to a `paging service, cellular telephone service, specialized mobile radio service, or other common carrier service,' regardless of whether the called party is charged, gives independent meaning to each term."

17.     It is thus clear from the plain language of the TCPA, and its considerable body of resultant case law that the TCPA is violated when a cellular telephone is called with an automatic dialer without consent, even if no charges are alleged or incurred.

18.     With the autodialed calls to Plaintiff's telephone commencing on or about August 2016 and continuing approximately 274 times thereafter, the Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

19.     The Defendant, having made these autodialed calls to the Plaintiff's phone and leaving messages after being explicitly requested to stop such calls, willfully violated the TCPA at least (274) times.

20.     Pursuant to the TCPA Omnibus Declaratory Ruling and Order, July 2015, paragraphs 138 and 139, communications from banking institutions which are exempt "…are all intended to address exigent circumstances in which a quick, timely communication with a consumer could prevent considerable consumer harms from occurring or, in the case of the remediation calls, could help quickly mitigate the extent of harm that will occur."  Pursuant to Paragraph 139, (3) and (7) "In light of these considerations, we adopt the following conditions for each exempted call (voice call or text message) made by a financial institution:

3) voice calls and text messages are strictly limited to purposes discussed in paras. 129-137 above and must not include any telemarketing, cross-marketing, solicitation, debt collection, or advertising content;

7) a financial institution must honor opt-out requests immediately."

21.     Defendant is in violation of the TCPA paragraphs 139 (3) for, upon information and belief, having used their calls for debt collection and (7), failing to honor Plaintiff's desire to opt out of telephone communications despite Plaintiff's clear, unequivocal and repeated requests that such automatic calls cease.

22.     Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

## DEMAND FOR TRIAL BY JURY

23.     Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

A.     For trebled damages to be awarded to the Plaintiff in accordance with the TCPA, for each of the Defendant's willful or knowing violations of the TCPA.

B.     A declaration that the Defendant's practices violated the TCPA;

C.     For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:     August 22, 2017

Respectfully submitted,

EDWARD B. GELLER, ESQ.
EDWARD B. GELLER, ESQ., P.C., OF COUNSEL TO
M. HARVEY REPHEN & ASSOCIATES, P.C,
15 LANDING WAY
BRONX, NEW YORK  10464
TEL:(914)473-6783

*Attorney for the Plaintiffs',*
MIKE OVADIA

To:  J.P. Morgan Chase Bank
     270 PARK AVENUE
     NEW YORK, NY 10017

*(Via Prescribed Service)*

Clerk of the Court,
United States District Court, Eastern District of New York

*(Via Electronic Court Filing)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                 CASE NO.:

MIKE OVADIA,

                                    Plaintiff,

          -against-

CHASE,

                                    Defendant(s).

_____

# COMPLAINT

_____

Edward B. Geller, Esq., P.C., Of Counsel to
*M. HARVEY REPHEN & ASSOCIATES, P.C.*
*15 Landing Way*
*Bronx,  New York 10464*
*Phone:      (914)473-6783*